*910 OPINION.
Van Fossan :
In these cases we meet with a situation in which petitioners have been the victims of extreme misfortune but which, by reason of the inadequacy of proof, we are impotent to relieve. The narrative of petitioners’ business experiences leaves the impression that petitioners were probably entitled to substantial deductions from income during the taxable year, but we find ourselves impelled to the further conclusion that with the single exception hereinafter noted petitioners have utterly failed to prove the amounts thereof. The presumption of correctness attaching to respondent’s determination places on petitioners the burden of proving not merely the fact of possible error but the extent thereof.
These proceedings deal with a series of complex business transactions involving innumerable items and large amounts of money. All books being lost or destroyed petitioners submitted in lieu thereof their uncertain approximations and hazy recollections. Though precise dates are vital in determining the year of allowance of deductible items the record is almost devoid of dates. This omission is especially important in a case such as this where there is a dispute as to whether certain losses were suffered in late 1919 or early 1920. The record is further confused by the failure to draw a clear line of demarcation between the operations and expenses of the partnership and those of the corporation. Although one of petitioners’ witnesses stated that he had a list of securities received by petitioners from the corporation which it is now claimed were improperly included in gross income in the amount of $26,211.16, no such list was submitted and petitioners made no attempt to prove their worthlessness in 1920. Similarly, petitioners Rhode H. and Harvey N. Gregory failed to show that the amounts received by them from the sale of their holdings in the Great Southern Sulphur Co. were in fact return of capital and contained no elements of income. No documentary evidence was introduced and although certain checks were shown to witnesses these were neither submitted as exhibits nor' read into the record. Moreover, the testimony shows many irreconcilable discrepancies.
The lone exception to the above observations is the item of $2,362 paid to J. F. McCarrier on September 5, 1920, for special work performed in that year. This expense was sufficiently established to justify allowance.
A careful and sympathetic consideration of the remainder of the record leads only to confusion and uncertainty. To attempt to find the correct amount of the other deductions allowable to the petitioners in the taxable years would be sheer speculation in which we can not indulge.

Judgment will be entered under Rule 50.